NOT YET SCHEDULED FOR ORAL ARGUMENT

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) ) ) | |
| *Petitioner,* | ) ) ) | |
| v. | ) ) | No. 26-1132 (and consolidated cases) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL., | ) ) ) | |
| *Respondents*. | ) ) ) | |

**MOTION TO SEVER AND HOLD IN ABEYANCE CASE NO. 26-1143
PENDING RESOLUTION OF RELATED CASES**

Sandra P. Franco
Franco Environmental Law, LLC
600 Pennsylvania Avenue, SE
Unit 15577
Washington, DC 20003
T 202 256-6115
sandra@francoenvironmentallaw.com

*Counsel for Coalition for Renewable
Natural Gas*

Date: June 29, 2026

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. ii

GLOSSARY OF ACRONYMS ............................................................. iii

INTRODUCTION ............................................................................. 1

BACKGROUND .............................................................................. 3

    I.    Renewable Natural Gas and the Renewable Fuel Standard ................ 3

    II.   2023-2025 Volume Requirements ....................................... 5

    III.  Partial Waiver of the 2025 Cellulosic Biofuel Volume
          Requirement ............................................................... 7

ARGUMENT ................................................................................ 10

    I.    Severing RNG COALITION's Petition Will Serve Judicial
        Economy and Minimize the Risk of Inconsistent Decisions ............ 10

    II.   Holding Issues Related to EPA's Cellulosic Biofuel Waiver
        Authority in Abeyance Pending Resolution of Related Cases is
        Appropriate ................................................................ 13

CONCLUSION .............................................................................. 14

CERTIFICATE OF COMPLIANCE .................................................... 16

CERTIFICATE OF SERVICE

CERTIFICATE OF PARTIES UNDER CIRCUIT RULE 28(A)(1)(A)

RULE 26.1 CORPORATE DISCLOSURE STATEMENT

# TABLE OF AUTHORITIES[1]

**Page(s)**

## Federal Cases

*Belize Soc. Dev. Ltd. v. Gov't of Belize*,
  668 F.3d 724 (D.C. Cir. 2012)....................................................................13

*Ctr. for Biological Diversity v. EPA*,
  141 F.4th 153 (D.C. Cir. 2025)......................................................................5

*\*Clinton v. Jones*,
  520 U.S. 681 (1997).....................................................................................13

*\*Landis v. N. Am. Co.*,
  299 US. 248 (1936).....................................................................................13

Order, *American Fuel & Petrochemical Manufacturers v. EPA*,
  No. 24-1163 (D.C. Cir. July 29, 2024) [Doc. #2067091]...............................6

Order, *American Fuel & Petrochemical Manufacturers v. EPA*,
  No. 24-1163 (D.C. Cir. Aug. 13, 2024) [Doc. #2069696] ..............................6

Order, *American Fuel & Petrochemical Manufacturers v. Zeldin*,
  No. 1:24-cv-02361 (D.D.C. Feb. 19, 2025)....................................................6

Order, *American Fuel & Petrochemical Manufacturers v. Zeldin*,
  No. 1:24-cv-02361 (D.D.C. May 27, 2026) ................................................6, 7

Order, *Coalition for Renewable Natural Gas v. EPA*,
  No. 25-1183 (D.C. Cir. Dec. 3, 2025) [Doc. #2148402].................................7

## Federal Statutes and Legislative Materials

42 U.S.C. §7545(o)(2)(A)...............................................................................3

42 U.S.C. §7545(o)(2)(B) ............................................................................3, 5

42 U.S.C. §7545(o)(7)(D).........................................................................3, 4, 5

---

[1] Authorities upon which we chiefly rely are marked with asterisks.

## Administrative Materials

80 Fed. Reg. 77420 (Dec. 14, 2015) ........................................................12

88 Fed. Reg. 44468 (July 12, 2023) ............................................................5

89 Fed. Reg. 20961 (Mar. 26, 2026) ...........................................................5

89 Fed. Reg. 100442 (Dec. 12, 2024) ..........................................................8

90 Fed. Reg. 25784 (June 17, 2025) ............................................................7

90 Fed. Reg. 29751 (July 7, 2025) ...........................................................2, 6

91 Fed. Reg. 16388 (Apr. 1, 2026) .....................................1, 3, 4, 9, 10, 11

EPA, Reporting Deadlines for Fuel Programs, https://www.epa.gov/fuels-
registration-reporting-and-compliance-help/reporting-deadlines-fuel-
programs (last updated Mar. 27, 2026) ................................................13

## GLOSSARY OF ACRONYMS

| | |
|---|---|
| AFPM | American Fuel & Petrochemical Manufacturers |
| EPA | U.S. Environmental Protection Agency |
| RFS | Renewable Fuel Standard |
| RIN | Renewable Identification Number |
| RNG COALITION | Petitioner Coalition for Renewable Natural Gas |
| RTC | Response to Comments |
| Set 2 Rule | Renewable Fuel Standard (RFS) Program: Standards for 2026 and 2027, Partial Waiver of 2025 Cellulosic Biofuel Volume Requirement, and Other Changes, 91 Fed. Reg. 16388 (Apr. 1, 2026) |

**INTRODUCTION**

These consolidated cases involve challenges to final agency action by the U.S. Environmental Protection Agency ("EPA") entitled "Renewable Fuel Standard (RFS) Program: Standards for 2026 and 2027, Partial Waiver of 2025 Cellulosic Biofuel Volume Requirement, and Other Changes" (referred to as the "Set 2 Rule"), published at 91 Fed. Reg. 16388 (Apr. 1, 2026). The final Set 2 Rule included various actions by EPA related to the Renewable Fuel Standard utilizing different claimed legal authorities and different factual analysis, including, among others, a decision to partially waive the cellulosic volume requirement for compliance year 2025 ("2025 Waiver Determination"). EPA has indicated that each of the actions in the Set 2 Rule is severable. *Id*. at 16397-16398. Petitioner Coalition for Renewable Natural Gas ("RNG COALITION") filed a petition for review to challenge the 2025 Waiver Determination in the Set 2 Rule—Case No. 26-1143—that was consolidated with Case No. 26-1132. There are pending cases involving the scope of EPA's waiver authority that may be dispositive of RNG COALITION's challenges to the 2025 Waiver Determination. RNG COALITION, therefore, respectfully moves this Court to sever and hold in abeyance RNG COALITION's petition for review in Case No. 26-1143 pending resolution of a related case—*Coalition for Renewable Natural Gas v. EPA*, Case No. 25-1183 (D.C. Cir. filed Sept. 4, 2025).

1

In 2025, EPA partially waived the 2024 cellulosic biofuel volume requirement ("2024 Waiver Determination"). 90 Fed. Reg. 29751 (July 7, 2025). RNG COALITION challenged the 2024 Waiver Determination—*Coalition for Renewable Natural Gas v. EPA*, Case No. 25-1183 (D.C. Circuit filed Sept. 4, 2025). The 2025 Waiver Determination is "[c]onsistent with [EPA's] approach in waiving the 2024 cellulosic biofuel standard." EPA, Renewable Fuel Standard (RFS) Program: Standards for 2026 and 2027, Partial Waiver of 2025 Cellulosic Biofuel Volume Requirement, and Other Changes - Response to Comments at 153, 163 (2026) ("Set 2 RTC") (Ex. A). Because EPA relies on the same asserted legal authority and similar factual analysis in the 2025 Waiver Determination, the Court's decision in Case No. 25-1183 is likely to be dispositive of issues RNG COALITION plans to raise here. Judicial economy and efficiency supports severing RNG COALITION's petition for review and holding it in abeyance pending resolution of this related case.

Counsel for RNG COALITION reached out to the other parties' counsel for their position on severing RNG COALITION's challenge to the 2025 Waiver Determination and holding the case in abeyance pending resolution of the related case. Petitioners Center for Biological Diversity (Case No. 26-1132), Sierra Club (Case No. 26-1134), and Biogas Works for America et al. (Case No. 26-1144) do not object to severing the challenge. Small Refineries of America and Alon USA,

2

LP (Case No. 26-1138) take no position on severing the petition. As of the time of this filing, we did not receive any other responses.

## BACKGROUND

### I.    Renewable Natural Gas and the Renewable Fuel Standard

The Renewable Fuel Standard mandates a minimum volume of renewable fuels to be introduced into the transportation fuel market each year. 42 U.S.C. §7545(o)(2)(A). When Congress amended the Renewable Fuel Standard in 2007, it sought to move this country away from fossil fuels and toward advanced biofuels, like cellulosic biofuels. *Id*. §7545(o)(2)(B). The statutory volumes Congress set for cellulosic biofuels were ambitious "to strongly incentivize cellulosic biofuels." 91 Fed. Reg. at 16425.

Because cellulosic biofuels were in their early stages in 2007, Congress provided a safety valve referred to as the cellulosic waiver authority if production did not meet those goals. 42 U.S.C. §7545(o)(7)(D). The cellulosic waiver authority provides, in relevant part, as follows:

> For any calendar year for which the projected volume of cellulosic biofuel production is less than the minimum applicable volume established under paragraph (2)(B), as determined by [EPA] based on the estimate provided under paragraph (3)(A), not later than November 30 of the preceding calendar year, [EPA] shall reduce the applicable volume of cellulosic biofuel required under paragraph (2)(B) to the projected volume available during that calendar year....

3

*Id.* §7545(o)(7)(D)(i). The statutory volumes set by Congress did prove to be overly ambitious, and EPA used its cellulosic waiver authority to reduce the statutory volumes for cellulosic biofuel through compliance year 2022 to the "projected volume available" for the applicable compliance year. 91 Fed. Reg. at 16425, 16442.

RNG COALITION represents the entire supply chain for renewable natural gas. EPA-HQ-OAR-2024-0505-0645_attachment_1 at 3 (Ex. B). Renewable natural gas is fuel derived from biogas that has been captured from organic waste streams—including agricultural wastes, municipal wastewater, and municipal solid waste in landfills—and upgraded to achieve quality standards necessary to blend with or substitute for fossil natural gas. *Id.* Renewable natural gas qualifies for generation of Renewable Identification Numbers ("RINs") that are used for compliance with the cellulosic biofuel volume requirements—"D3 RINs"—under the Renewable Fuel Standard.[2] Renewable natural gas in the form of compressed natural gas and liquefied natural gas has been used to meet virtually all of the cellulosic biofuel volume requirements, including for compliance years 2023, 2024, and 2025, and is expected to make up the majority of the cellulosic biofuel volume requirements for compliance years 2026 and 2027. *See* 91 Fed. Reg. at 16399-16403.

---

[2] RINs represent ethanol-equivalent gallons and are used by obligated parties to show compliance with their volume obligations.

## II.    2023-2025 Volume Requirements

Starting for compliance year 2023, the Renewable Fuel Standard entered a "new phase for the program, one which takes place following the period for which the Clean Air Act enumerates specific volume targets." 88 Fed. Reg. 44468, 44469 (July 12, 2023). In this phase, EPA sets the applicable volumes based on a set of statutory considerations. 42 U.S.C. §7545(o)(2)(B)(ii). For 2023, 2024 and 2025, EPA set the applicable volumes of cellulosic biofuel based on projected production, using a similar methodology it had used when resetting the statutory volumes using the cellulosic waiver authority. 88 Fed. Reg. at 44482-44483. These volumes were upheld by the D.C. Circuit in *Center for Biological Diversity v. EPA*, 141 F.4th 153, 187-188 (D.C. Cir. 2025). The statute's cellulosic waiver authority required any waiver to occur *prospectively* by November 30, 2022 for 2023, November 30, 2023 for 2024, and November 30, 2024 for 2025. 42 U.S.C. §7545(o)(7)(D)(i).

In late December of *2023*, American Fuel & Petrochemical Manufacturers ("AFPM") submitted a request to EPA to partially waive the cellulosic biofuel volume requirement for 2023, citing the statute's cellulosic and general waiver authority. 89 Fed. Reg. 20961, 20962 (Mar. 26, 2026). EPA denied AFPM's request, finding a waiver would be "injurious to the [Renewable Fuel Standard] program." *Id.* at 20962. AFPM has challenged this denial in this Court—*AFPM v. EPA*, Case No. 24-1163 (D.C. Cir. filed May 28, 2024). AFPM also filed a citizen suit in the

5

U.S. District Court for the District of Columbia, claiming EPA had a mandatory (i.e., non-discretionary) duty to issue a cellulosic biofuel waiver for compliance year 2023—*AFPM v. Zeldin*, No. 24-cv-2361 (D.D.C. Aug. 15, 2024). RNG COALITION intervened in both cases to defend the denial of the waiver request. Order, *AFPM v. EPA*, No. 24-1163 (D.C. Cir. July 29, 2024) [Doc. #2067091] (granting intervention); Order, *AFPM v. Zeldin*, No. 1:24-cv-02361 (D.D.C. Feb. 19, 2025) (granting intervention). Based on AFPM's motion to hold the case in abeyance, this Court placed Case No. 24-1163 in abeyance pending resolution of the district court proceeding. Order, *AFPM v. EPA*, No. 24-1163 (D.C. Cir. Aug. 13, 2024) [Doc. #2069696]. In the district court case, September 30, 2026 is the "target date for the resolution of the parties' cross-motions." Order, *AFPM v. Zeldin*, No. 1:24-cv-02361 (D.D.C. May 27, 2026).

In November of *2024*, AFPM requested EPA partially waive the 2024 cellulosic biofuel volume requirement, again citing to the statute's cellulosic waiver authority. AFPM Nov. 1, 2024 Letter to EPA, https://www.epa.gov/system/files/documents/2024-11/afpm-rfs-cellulosic-waiver-petition-2024-11-01.pdf. This time, however, EPA essentially agreed with AFPM, finding, because it had set the 2024 volume requirement prior to November 30, 2023, it retained a "mandatory" duty to issue a cellulosic biofuel waiver based on a claimed shortfall in generation of 2024 D3 RINs after that date. 90 Fed. Reg. at 29754. RNG COALITION challenged this

decision in Case No. 25-1183, and AFPM intervened to *defend* EPA.[3] Order, *Coalition for Renewable Natural Gas v. EPA*, No. 25-1183 (D.C. Cir. Dec. 3, 2025) [Doc. #2148402]. Final briefs in the case were submitted on June 10, 2026.

EPA has acknowledged that these cases are related, and that "if the D.C. Circuit agrees with the interpretation of the cellulosic waiver authority that [RNG COALITION] advances in that case, it would be dispositive of the [district court case]." EPA Motion to Abate Proceedings at 3, *AFPM v. Zeldin*, No. 1:24-cv-02361 (D.D.C. Apr. 23, 2026) (Ex. C).[4]

## III.    Partial Waiver of the 2025 Cellulosic Biofuel Volume Requirement

In June of 2025, EPA proposed to partially waive the 2025 cellulosic biofuel volume requirement based on a similar finding of a shortfall in RIN generation as it did for 2024, also arguing that it could use the cellulosic waiver authority after the statutory November 30, 2024 deadline. 90 Fed. Reg. 25784, 25834-25835 (June 17, 2025). RNG COALITION submitted comments opposing EPA's proposal, raising similar arguments as those at issue in its challenge to the 2024 Waiver Determination. EPA-HQ-OAR-2024-0505-0645_attachment_2 at 34-40 (Ex. D).

---

[3] This case was consolidated with a petition filed by AFPM in Case No. 25-1184.

[4] *After* briefing was completed, EPA sought to hold the district court case in abeyance pending this Court's resolution of the challenges to the 2024 Waiver Determination. This request was denied because there were pending motions to dismiss on jurisdictional grounds that could resolve the case without reaching the merits. Order, *AFPM v. Zeldin*, No. 1:24-cv-02361 (D.D.C. May 27, 2026).

7

In its comments, AFPM supported the proposed partial waiver of the 2025 cellulosic biofuel volume requirement, referencing the "unresolved litigation of 2023 cellulosic biofuel volumes." EPA-HQ-OAR-2024-0505-0628 at 34-37 (Ex. E). While AFPM's comments vaguely references EPA's "determination that it need not address carryover deficits," EPA's lack of authority to use the cellulosic waiver authority to address prior-year deficits was decided in the 2024 Waiver Determination and was not challenged by AFPM. *Id.* at 37; 89 Fed. Reg. 100442, 100448 (Dec. 12, 2024). Based on the list of comments in the Set 2 response to comments document, RNG COALITION did not identify any comments by any of the other petitioners specifically related to the proposed partial waiver of the 2025 cellulosic biofuel volume requirement beyond the limited discussion in AFPM's comments.[5] It should be noted that the partial waiver *reduces* the cellulosic biofuel volume requirement for 2025, essentially providing the relief requested by AFPM with respect to the 2023 and 2024 cellulosic biofuel volume requirements. In the final Set 2 Rule, EPA finalized its proposed partial waiver of the 2025 cellulosic

---

[5] *See, e.g.,* EPA-HQ-OAR-2024-0505-0408 (comments of Sierra Club et al.); EPA-HQ-OAR-2024-0505-0553 (comments of Center for Biological Diversity); EPA-HQ-OAR-2024-0505-0632 (comments of CountryMark); EPA-HQ-OAR-2024-0505-0636 (comments of Small Refineries Coalition—American Refining Group et al.); EPA-HQ-OAR-2024-0505-0725 (comments of Small Refineries of America); EPA-HQ-OAR-2024-0505-0631 (comments of Placid Refining Company LLC).

biofuel volume requirement "[c]onsistent with" its 2024 Waiver Determination. Set 2 RTC at 153, 163 (Ex. A).

As is EPA's practice regarding Renewable Fuel Standard rulemakings, the Set 2 Rule includes numerous additional actions by EPA, including setting the volume requirements under the Renewable Fuel Standard for compliance years 2026 and 2027, establishing small refinery exemption reallocation volumes for each category *except cellulosic biofuel*, and removing renewable electricity as an eligible fuel under the program. 91 Fed. Reg. at 16388. Although all of the Statement of Issues have not yet been filed in this case as of the time of this filing, RNG COALITION anticipates that these several of these other actions will be challenged by the other petitioners in this case. Counsel for RNG COALITION, at the request of the U.S. Department of Justice attorney, reached out to counsel for the other Petitioners attempting to determine if any other petitioner was raising issues related to the 2025 Waiver Determination. As of the time of this filing, no similar issue was identified to RNG COALITION. This motion is being filed in accordance with the deadline for filing procedural motions as set forth in the May 29, 2026 Order [Doc. #2175661].

In the final Set 2 Rule, EPA also treated cellulosic biofuel differently than the other categories with respect to the small refinery exemption reallocation volume, based on the distinct provisions in the statute related only to cellulosic biofuels.

9

91 Fed. Reg. at 16437-16438. RNG COALITION opposed such an approach in its comments, as being in violation of EPA's waiver authority. EPA-HQ-OAR-2024-0505-0727 (Ex. F). As such, it believes this issue is tied to the scope of EPA's cellulosic waiver authority. RNG COALITION's statement of issues is not due until July 6, 2026, and it reserves the right to raise this as an additional issue. As the Court's determination on the scope of EPA's cellulosic waiver authority may impact RNG COALITION's decision to pursue this issue, RNG COALITION believes its entire petition should be severed and held in abeyance. At a minimum, however, the issues related to the 2025 Waiver Determination should be severed and held in abeyance until resolution of RNG COALITION's challenge to the 2024 Waiver Determination pending before this Court.

## ARGUMENT

### I. Severing RNG COALITION's Petition Will Serve Judicial Economy and Minimize the Risk of Inconsistent Decisions.

While it is this Court's practice to consolidate all petitions for review of agency orders entered in the same administrative proceeding, such consolidation is intended to "achieve the most efficient use of the Court's resources, as well as to maintain consistency in its decisions." D.C. Cir. Handbook at 24. Neither of these interests is furthered by keeping RNG COALITION's petition for review consolidated with the other challenges to the Set 2 Rule.

10

The mere fact that EPA chose to include a myriad of actions in the same rulemaking proceeding should not be dispositive of whether they should remain consolidated. Each action by EPA raises different factual and legal issues. EPA itself indicated that each of the actions it took in the Set 2 Rule are severable from each other. 91 Fed. Reg. at 16397-16398. In particular, EPA stated it intends "for the revised 2025 cellulosic biofuel volume requirement and percentage standard … to be severable from the volume requirements and percentage standards for the other years," noting that the "2025 cellulosic biofuel volume requirement and percentage standard is supported by the analysis and legal authority for that year independent of the analysis and legal authority for the 2026 and 2027 standards." *Id.* at 16398. As such, consolidation of all these challenges is not required to maintain consistency in the Court's decision. Further, not severing the issues related to EPA's cellulosic waiver authority runs the risk of inconsistent decisions where the same issues could be before three different panels of the D.C. Circuit.[6]

Nor would retaining consolidation of these issues result in the most efficient use of the Court's resources. Case No. 25-1183 is fully briefed and is merely waiting

---

[6] Although the citizen suit was brought in the district court, if it is appealed, the D.C. Circuit would be reviewing the court's decision.

11

for oral argument.[7] The Court's decision in Case No. 25-1183 is likely to be dispositive of one or more of the issues RNG COALITION intends to raise with respect to its challenge to the 2025 Waiver Determination. It makes little sense to require similar briefing that has already been completed to be submitted to another panel of this Court. If RNG COALITION is successful in Case No. 25-1183, it believes EPA should rescind the 2025 Waiver Determination, likely resulting in a voluntary partial remand. This was the case for the 2011 cellulosic biofuel volume requirement, which EPA rescinded after this Court found similar methodology used to set the 2012 cellulosic biofuel volume requirement was unlawful. *See* Unopposed Motion for Voluntary Partial Remand and Stay, *AFPM v. EPA*, No. 12-1249 (D.C. Cir. Apr. 3, 2013) [Doc. #1428802] (Ex. G); 80 Fed. Reg. 77420, 77508-77509 (Dec. 14, 2015). If EPA is successful in Case No. 25-1183, then additional motions or briefing may be required to determine the impact of such decision on RNG COALITION's challenge, which would not be an efficient use of the parties' or the Court's resources.

---

[7] AFPM has indicated that it plans to move to intervene in support of EPA in the consolidated cases. As such, the parties are likely to be the same as those in Case No. 25-1183.

II.    **Holding Issues Related to EPA's Cellulosic Biofuel Waiver Authority in Abeyance Pending Resolution of Related Cases is Appropriate.**

Courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In deciding whether a stay of this case should be ordered, the Court is required to "weigh competing interests and maintain an even balance' ... between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254–55, 259)). As discussed above, the interests of judicial economy would be served by waiting for resolution of the pending related cases before requiring the same issues to be relitigated here with respect to the 2025 Waiver Determination.

In addition, the parties would suffer no hardship if RNG COALITION's petition is severed and held in abeyance. Compliance with the 2025 volume requirements are due by September 1, 2026, and no decision in this case likely will occur before then. EPA, *Reporting Deadlines for Fuel Programs*, https://www.epa.gov/fuels-registration-reporting-and-compliance-help/reporting-deadlines-fuel-programs (last updated Mar. 27, 2026). Instead, a decision regarding

13

the scope of EPA's cellulosic waiver authority in the challenge to the 2024 Waiver Determination will likely occur first, providing the guidance needed to the regulated community and EPA sooner than if this case proceeded with the consolidated cases.

Moreover, RNG COALITION would face hardship if its petition is not held in abeyance, expending resources unnecessarily to preserve its right to challenge the 2025 Waiver Determination that it believes is based on the same unlawful assertion of authority and arbitrary analysis as the 2024 Waiver Determination. RNG COALITION also anticipates that EPA and AFPM may seek to limit the ability of RNG COALITION to fully make its arguments in light of the number of petitioners and issues in these consolidated cases.[8] As the potential issues that RNG COALITION intends to raise are distinct from the other issues anticipated to be raised by the other parties, EPA will be required to brief all the issues separately if consolidation continues. There is no prejudice to the other parties if RNG COALITION's petition is severed from the consolidated cases and the issues are briefed separately (or not at all, depending on the resolution of the pending related case).

## CONCLUSION

WHEREFORE, Coalition for Renewable Natural Gas respectfully requests that the Court enter an order severing Case No. 26-1143 and holding it in abeyance

---

[8] RNG COALITION was allotted 8,800 words in Case No. 25-1183.

pending resolution of Case No. 25-1183. Alternatively, this Court should sever issues related to the 2025 Waiver Determination in the Set 2 Rule and hold those issues in abeyance.

Respectfully submitted,

/s/ Sandra P. Franco
Sandra P. Franco
Franco Environmental Law, LLC
600 Pennsylvania Avenue, SE
Unit 15577
Washington, DC 20003
T 202 256-6115
sandra@francoenvironmentallaw.com

*Counsel for Coalition for Renewable Natural Gas*

Dated: June 29, 2026

# CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that:

1)      This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3260 words, excluding the exempted portions.

2)      This motion complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5-6) because it was prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Times New Roman font.

/s/ Sandra P. Franco
Sandra P. Franco

16

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) ) ) | |
| *Petitioner,* | ) ) ) | |
| v. | ) ) | No. 26-1132 (and consolidated cases) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL., | ) ) ) | |
| *Respondents.* | ) ) ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June, 2026, I caused the foregoing Motion to Sever and Hold in Abeyance Case No. 26-1143 Pending Resolution of Related Cases and accompanying papers to be electronically filed with the Clerk of the U.S. Court of Appeals for the D.C. Circuit by using the Court's appellate CM/ECF system and that service will be accomplished by the appellate CM/ECF system.

/s/ Sandra P. Franco
Sandra P. Franco

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) ) ) | |
| *Petitioner,* | ) ) | |
| v. | ) ) | No. 26-1132 (and consolidated cases) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL., | ) ) ) | |
| *Respondents.* | ) ) ) | |

## CERTIFICATE OF PARTIES UNDER CIRCUIT RULE 28(A)(1)(A)

Under D.C. Circuit Rules 27(a)(4) and 28(a)(1), the following Certificate as to Parties and Amici Curiae is made on behalf of the Coalition for Renewable Natural Gas ("RNG COALITION").

Petitioners

Center for Biological Diversity, No. 26-1132

Sierra Club, No. 26-1134

Small Refineries of America and Alon USA, LP, No. 26-1138

American Fuel & Petrochemical Manufacturers, No. 26-1140

Coalition for Renewable Natural Gas, No. 26-1143

Biogas Works for America, LLC and Biogas Works Coalition, No. 26-1144

American Refining Group Inc., Countrymark Refining and Logistics, LLC, Ergon Refining, Inc., Ergon-West Virginia, Inc., Par Montana, LLC, Placid Refining Company LLC, San Joaquin Refining Co., Inc., The San Antonio Refinery LLC, U.S. Oil & Refining Company, Wyoming Refining Company, No. 26-1146

Coffeyville Resources Refining & Marketing, LLC, Wynnewood Refining Company, LLC, No. 26-1147

Respondents

U.S. Environmental Protection Agency

U.S. Fish & Wildlife Service (No. 26-1132)

National Marine Fisheries Service (No. 26-1132)

Lee M. Zeldin, Administrator, U.S. Environmental Protection Agency (No. 26-1134)

Movants for Intervention in Support of Respondent(s)

Growth Energy

Renewable Fuels Association

Clean Fuels Alliance America

As of this filing, no intervention has been granted.

Amici

As of this filing, there are no amici parties.

Respectfully submitted,

/s/ Sandra P. Franco
Sandra P. Franco
Franco Environmental Law, LLC
600 Pennsylvania Avenue, SE
Unit 15577
Washington, DC 20003
T 202 256-6115
sandra@francoenvironmentallaw.com

*Counsel for Coalition for Renewable*
*Natural Gas*

Dated: June 29, 2026

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) ) ) | |
| *Petitioner,* | ) ) | |
| v. | ) ) | No. 26-1132 (and consolidated cases) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL., | ) ) ) | |
| *Respondents.* | ) ) ) | |

**RULE 26.1 CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Coalition for Renewable Natural Gas ("RNG COALITION") makes the following disclosure:

RNG COALITION has no parent companies, and no publicly held company has a 10% or greater ownership interest. It has not issued shares or debt securities to the public.

RNG COALITION is a non-profit association of companies and organizations dedicated to the advancement of renewable natural gas as a clean, green, alternative, and domestic energy and fuel resource. It advocates on behalf of its members and provides education for the public in support of the sustainable development, deployment, and utilization of renewable natural gas, including participating in

regulatory proceedings and litigation involving implementation of the Renewable Fuel Standard program by the U.S. Environmental Protection Agency, as well as other regulatory actions that may impact the renewable natural gas industry. RNG COALITION's membership includes companies throughout the value chain of waste feedstock conversion to transportation fuel under the Renewable Fuel Standard program. It is a "trade association" as defined in Circuit Rule 26.1(b).

Respectfully submitted,

/s/ Sandra P. Franco
Sandra P. Franco
Franco Environmental Law, LLC
600 Pennsylvania Avenue, SE
Unit 15577
Washington, DC 20003
T 202 256-6115
sandra@francoenvironmentallaw.com

*Counsel for Coalition for Renewable Natural Gas*

Dated: June 29, 2026